UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00087-GNS

ROHIT ROHIT                                                                                          PETITIONER

v.

SAMUEL OLSON, Field Office Director of
Enforcement and Removal Operations,
Chicago Field Office, Immigration and Customs Enforcement;
KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
PAMELA BONDI, U.S. Attorney General; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW                          RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On December 20, 2020, Petitioner Rohit Rohit ("Rohit"), who is a national and citizen of India, entered the United States without inspection. (Pet. ¶ 41, DN 1; Resp'ts' Resp. Show Cause Order Ex. 2, at 3, DN 4-2). On December 21, 2022, he was paroled into the United States on the Alternatives to Detention program. (Resp'ts' Resp. Show Cause Order Ex. 2, at 3).

On August 19, 2025, Rohit filed an Application for Asylum and for Withholding of Removal (Form I-589), which is still pending. (Pet. ¶ 42; Resp'ts' Resp. Show Cause Order Ex. 2, at 3). On January 7, 2026, he was arrested by Immigration and Custom Enforcement ("ICE") officers in Indianapolis, Indiana, and was issued a Notice to Appear. (Pet. ¶ 43; Resp'ts' Resp. Show Cause Order Ex. 2, at 3; Resp'ts' Resp. Show Cause Order Ex. 1, at 2-5, DN 4-1).

He has been placed in Section 1229a removal proceedings, and an immigration judge has since denied his request for bond based on the reasoning that 8 U.S.C. § 1225(b) applies to his

detention. (Pet. ¶¶ 44-45; Pet. Ex. B, at 1, DN 1-2). He is currently housed at the Hopkins County Jail. (Pet. ¶¶ 8, 43).

Rohit filed the Petition for Writ of Habeas Corpus against Respondents: Sam Olson ("Olson"), Field Office Director of Enforcement Operations for the Chicago Field Office of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi ("Bondi"), U.S. Attorney General; and Executive Office for Immigration Review." (Pet. ¶¶ 16-20). In the Petition, he challenges his continued detention and alleges violations of the Immigration and Nationality Act, and his due process rights under the Fifth Amendment. (Pet. ¶¶ 48-60).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Rohit bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In the response, Respondents argue that the Court lacks jurisdiction to grant the Petition due to Rohit's failure to name the Hopkins County Jailer as a party to this action. In addressing this issue, a sister court recently explained:

> In *Roman* [*v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003)], the Sixth Circuit held that the INS District Director for the district where a detention facility is located is the proper respondent for a petitioner facing removal proceedings, because the District Director has power over that petitioner. 340 F.3d at 320. In [*Rumsfeld v. Padilla*, 542 U.S. 416 (2004)], the Supreme Court rejected that logic of legal "power" over a person's physical custody as a general matter and held that in habeas, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote

> supervisory official." 542 U.S. at 435. However, while setting a general rule, the Court explicitly left open the question of "whether [a remote supervisory official] is a proper respondent to a habeas petition filed by an alien detained pending deportation." *Padilla*, 542 U.S. at 435 n.8. Courts in this district and circuit have therefore found that specifically for habeas proceedings with petitioners facing deportation, *Roman*'s rule still applies, because application of that rule was explicitly left open by *Padilla*.

*Romero Garcia v. Raycraft*, No. 25-CV-13407, 2025 WL 3252286, at *2 (E.D. Mich. Nov. 21, 2025) (third alteration in original) (internal footnote omitted) (citations omitted). In this instance, Olson, as the Chicago Field Office Director,[1] controls the release of petitioners and is a proper party. *See Duran-Rojas v. Raycraft*, No. 25-CV-14051, 2026 WL 243205, at *3 (E.D. Mich. Jan. 29, 2026). Bondi is also proper party to this action "to ensure that Respondents maintain authority to enforce any grant of habeas relief and order that [Rohit] receive a bond hearing or, alternatively, be released even if [Rohit] is transferred out of the district under [Olson's] control." *Velasco-Sanchez v. Raycraft*, No. 2:25-CV-13730, 2025 WL 3553672, at *2 (E.D. Mich. Dec. 11, 2025) (citing *Romero Garcia*, 2025 WL 3252286, at *5). Therefore, the Court has jurisdiction to consider the Petition, notwithstanding the omission of the Hopkins County Jailer.

This Court has previously rejected Respondents' substantive arguments that Rohit is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Rohit already present within the United States. *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron*

---

[1] This position is the same as the INS District Director position at issue in *Roman*. *See Romero Garcia*, 2025 WL 3252286, at *2 n.2 (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 948 n.1 (7th Cir. 2006)).

*v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025);

*Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025). Therefore, Section 1226(a) applies to Rohit.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7. The unlawful detention of Rohit implicates his liberty interest to which due

process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Rohit must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Rohit Rohit from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration

judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

  2. Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

Greg N. Stivers, Judge<br>
United States District Court<br>
March 3, 2026

cc: counsel of record